Joseph G. McCarty, Esq. (SBN 151020)
Debra R. Brand (SBN 162285)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Phone:      818-905-7711
Facsimile:  818-501-7711

Attorneys for Defendant
REKO HOLDINGS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT WARREN JACKSON, individually and derivatively; GREGORY BAUER, individually and derivatively, <br><br> Plaintiffs, <br><br> **v.** <br><br> MOSHE JACOB fka MOSHE SCHNAPP, an individual; GUARDIAN PATCH LLC, and BEN CLYMER'S THE BODY SHOP PERRIS, LLC, both California limited liability companies; RANDOLPH BEN CLYMER, an individual; REKO HOLDINGS, LLC, a Nevada limited liability company; STANLEY HILLS, LLC, a Nevada limited liability company; YOSSI ATTIA, an individual; ANAT ATTIA, an individual; J.I.L. VENTURE, LLC, a Nevada limited liability company; ROSEMARIE "PINKY" CLAMOR, an individual; GLEN EAGLE ACQUISITIONS CORP. LP, an entity of unknown origin and domicile; DARREN | CASE NO.: 2:20-cv-09399-RGK-AGRx <br><br> [Assigned to the Hon. R. Gary Klausner, Courtroom 850] <br><br> **NOTICE OF MOTION AND MOTION BY DEFENDANT REKO HOLDINGS, LLC TO DISMISS COMPLAINT UNDER F.R.C.P. RULES 12(b)(6), 9(b) and 23.1** <br><br> Date:   November 23, 2020 <br> Time:   9:00 a.m. <br> Judge: Hon. R. Gary Klausner <br> Place:  Courtroom 850 <br>             255 E. Temple Street <br>             Los Angeles, CA 90012 |

1

---

DUNCKEL, an individual; DANNY )
RITTMAN, an individual; MANSOUR )
KHATIB, an individual; MICHAEL )
MURRAY, an individual; EMPIRE )
STOCK TRANSFER, INC., a Nevada )
corporation; PATRICK MOKROS, an )
individual; and DOES 1 through 25, )
inclusive, )
)
_____ Defendants. )
  and )
)
GBT TECHNOLOGIES, INC. fka )
GOPHER PROTOCOL, INC., a Nevada )
corporation; )
)
                    Nominal Defendant. )
_____

2

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.......................  5

    I.     INTRODUCTION.......................................................... 5

    II.    PLAINTIFFS' ALLEGED ALLEGATIONS OF
            MATERIAL FACTS AGAINST DEFENDANT REKO..........6

    III.   ARGUMENT..................................................................9

    A.    Legal Standards on Motion to Dismiss..............................9

    B.    Plaintiffs have not Verified the Complaint as
          Required under Rule 23.1............................................... 10

    C.    Plaintiffs Did Not Properly Plead Futility........................... 10

    D.    Plaintiffs' Claims do to State any Claims for
          Relief Against Defendant Reko...................................... 13

        1.  Plaintiffs do not Properly Allege a Breach of
            Fiduciary Duty against Reko.................................. 13

        (a)   Defendant Reko does not owe Plaintiffs any Duty......... 13

        (b)   Plaintiffs' Claim for Breach of Fiduciary Duty
              Sounds in Fraud, but lacks specificity....................... 14

        2.   Plaintiffs do not Properly Allege Aiding and Abetting
            a Breach of Fiduciary Duty against Reko................... 15

        a.   Actual Knowledge and Substantial Assistance.............. 16

        b.  Conscious Decision and Intent to Participate in
           Wrongful Acts.................................................. 18

        3.  Plaintiffs do not Properly Allege Fraud – Concealment
          and Suppression of Material Fact against Reko ............. 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.  Plaintiffs do not Properly Allege Negligence
Against Reko ……………………………………..   20

5.  Injunctive Relief is a Remedy, not a Separate
Cause of Action……………………………   21

IV.    CONCLUSION…………………………………………..   22

**TABLE OF AUTHORITIES**

*Adelphia Recovery Trust v. Bank of America, N.A.*,
624 F. Supp. 2d 292 (S.D.N.Y. 2009)…………………………………………… 14

*Arduini v. Hart*,
774 F.ED 622 (9th Cir. 2014)……………………………………………….. 11,12

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)…………………………………………………….. 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)……………………………………………………….. 9

*Brannan v. Bank of America*,
2016 WL 6782742, at *3 (D. Nev. 2016). ………………………………… 21

*Brown v. Kinross Gold U.S.A., Inc.*,
531 F. Supp.2d 1234 (D. Nev., 2008)…………………………………… 13

*In re Computer Scis. Derivative Litig.*,
No. CV 06-05288 MRP (EX) 2007 WL 9734602…………………………… 12

*Cox Commc'ns PCS, L.P. v. City of San Marcos*,
204 F. Supp. 2d  1272 (S.D. Cal. 2002) ………………………………… 21

*Goggin v. Enter. Leasing Co. -W., LLC*,
324 F. Supp. 3d 1179 (D. Nev. 2018) …………………………………… 21

*Kamen v. Kemper Fin. Servs., Inc.*,
500 U.S. 90 (1991)……………………………………………………… 11

*Kirschner v. Bennett*,
648 F. Supp. 2d 525 (S.D.N.Y. 2009) …………………………………... 17

*Levine v. Smith*,
591 A.2d 194 (Del. 1991)……………………………………………… 12

*In re MIPS Techs. Inc. Sec. Litig.*,
542 F. Supp. 2d 968 (N.D. Cal. 2008)…………………………………… 10

*Neilson v. Union Bank of Cal., N.A.*,
290 F.Supp.2d 1101 (C.D. Cal.2003)…………………………………….. 18

*Ortiz v. Georgia Pacific*,
973 F. Supp. 2d 1162 (E.D. Cal. 2013)…………………………………… 15

*Rales v. Balsband*,
634 A.2d 927…………………………………………………………………. 13

*Resolution Trust Corp. v. Rowe*,
1993 U.S. Dist. LEXIS 1497,
No. C 90-20114 BAG, 1993 WL 183512, *5 (N.D. Cal. Feb. 8, 1993)…… 16,19

*Rogosin v. Steadman*,
65 F.R.D. 365 (S.D.N.Y. 1974). ………………………………………… 10

*In re Sharp Intern. Corp.*,
281 B.R. 506 (Bankr.E.D.N.Y.2002) ………………………………… 10

*Siegal v. Gamble*,
2015 WL 4734741, at *7 (N.D. Cal. Aug. 10, 2015)……………………… 18

*U.S. ex rel. Anita Silingo v. WellPoint, Inc.*,
904 F.3d 667 (9th Cir. 2018)………………………………………….. 9

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3D 1097 (9th Cir. 2003) …………………………………………9,14,15

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*,
131 Cal.App.4th 802, 823 n.10 (2005)…………………………………… 18

*Casey v. U.S. Bank National Ass'n*,
127 Cal. App. 4th 1138 (2005)…………………………………………… 16,17

*Gerard v. Ross*,
204 Cal.App.3d 968 (1988) ……………………………………………… 19

*Lomita Land & Water Co. v. Robinson*
154 Cal. 36 (1908) ………………………………………………….. 19

*Sanchez v. Wal–Mart Stores*, Inc.,
125 Nev. 818 P.3d 1276, 1280 (2009)………………………………………… 21

*Telxon Corp. v. Meyerson*,
802 A.2d 257 (Del. 2002)………………………………………… 13

1

**STATUTES & CODES**

2

3

FRCP
9(b)……………………………………………………….3,9,14,15,19,20,22
FRCP
12(b)(6)…………………………………………………3,9,15,19,20,21,22
FRCP Rule 23.1……………………………………………………   22
FRCP 23.1(b)(3)………………………………………………...   11
Local Rule 7-3………………………………………………   3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on November 23, 2020, at 10:00 a.m., before the Honorable R. Gary Klausner in Courtroom 850 of the United States Courthouse for the Central District of California, Western Division, 255 E. Temple Street, Los Angeles, California, Defendant Reko Holdings, LLC ("Defendant" or "Reko") will and hereby does move the Court to dismiss the Complaint for: (1) Breach of Fiduciary Duty; (2) Aiding and Abetting Breach of Fiduciary Duty; (3) Concealment and Suppression of Material Fact; (4) Negligence; and (5) Injunctive Relief (Docket No. 1, Exhibit A) pursuant to Federal Rules of Civil Procedure Rule ("FRCP") Rules 12(b)(6), 9(b) and 23.1, for failure to state claims against Defendant Reko upon which relief can be granted, the Complaint is an unverified derivative Complaint, Plaintiffs failed to properly plead futility, and Plaintiffs fail to plead the claims with the requisite specificity.

Pursuant to Local Rule 7-3, on October 13, 2020, (more than seven days prior to the filing of this motion), counsel for the Defendant, Debra Brand, had a telephonic "meet and confer" with Wolfgang F. Hahn, counsel for Plaintiffs Robert Warren Jackson ("Jackson") and Gregory Bauer ("Bauer") (collectively "Plaintiffs"). Plaintiffs' counsel had agreed to voluntarily amend the complaint and sought until the end of November 2020 to file the First Amended Complaint. A stipulation was

3

prepared and submitted to the Court on October 19, 2020.  On the afternoon of October 20, 2020, the Court denied the Stipulation.  As an over-abundance of caution, because of the denial of the stipulation to amend the complaint, Defendant is now filing its Motion to Dismiss.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested as the Plaintiffs did not verify the Complaint, the Plaintiffs did not properly plead futility, failed to plead the breach of fiduciary duty and fraud claims with the requisite particularity, and failed to state viable claims for relief against Defendant Reko (among others).

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice filed in support; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

DATED:  October 21, 2020               Respectfully submitted,

                                       LAW OFFICES OF ROBERT M. YASPAN


                                       By   /s/ Joseph G. McCarty
                                          Joseph G. McCarty
                                          Debra R. Brand
                                          Attorneys for Reko Holdings, LLC


4

_____
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Although lengthy, Plaintiffs' Complaint is fatally lacking in specifics.  Without any justification, Plaintiffs bring this alleged derivative complaint (which was removed to the Federal Court on or about October 13, 2020) against several current offices and directors and various shareholders of GBT Technologies, Inc. fka Gopher Protocol, Inc., a Nevada corporation and publicly-traded company.  What makes this case more incredible is that many of the actions which Plaintiffs' complaint arise occurred while Plaintiff Bauer was the CEO and a director of Plaintiff, and as such, executed many of the documents for which Plaintiffs, in their capacity of shareholders and derivatively on behalf of all shareholders, complain are part of an alleged attempt to manipulate the market (Complaint, Exh. B, GBT'S 2017 Annual Report Dated 11 April 2018, footnote (5) to Gregory Bauer).

Even though styled as State Court claims, the claims are purportedly for market manipulation and violations of Federal law.  Plaintiffs fail to allege specific facts against Reko or any other defendant, and instead simply lump all of the defendants (other than GBT) under the definition of "Individual Insider Defendants".  In fact, any allegations against Defendant Reko are scarce and only are for converting stock and transferring in a private transfer stock to Continental CYC (which was disclosed as Plaintiffs acknowledge in their Exhibit B of their Complaint that they know REKO

5

Holdings, LLC holds the shares of common stock through Continental CYC Limitada (Costa Rica) (Complaint, Exh. B, fn 5).  There is nothing in the Complaint that shows that Defendant Reko – just a stockholder – committed any wrongdoing.  Rather, Plaintiffs just name every defendant, without any specific allegations of fact, in every cause of action.

In addition, the Complaint suffers from additional fatal problems.  It is not verified as required under FRCP Rule 23.1.  Furthermore, because this is a derivative action, Plaintiffs are required to allege that they made a demand on the Board of Directors to investigate the claims raised in the Complaint.  Rather, Plaintiffs plead futility, but they fail to allege relevant, particularized facts showing that a majority of the GBT Board was incapable of considering a demand, relying instead on the type of generalized, conclusory allegations of futility that are consistently rejected by the courts.

As such, this Motion seeks dismissal of the Complaint on the ground that Plaintiffs have not met the requirements of FRCP Rule 23.1 and have failed to state any claims against Defendant Reko for which they can receive any recovery.

## II.    <u>PLAINTIFFS' ALLEGED ALLEGATIONS OF MATERIAL FACTS AGAINST DEFENDANT REKO</u>

Plaintiffs' Complaint is a mish-mosh of portions of the GBT's SEC filings and

6

its interpretations of them.  Due to the manner in which these documents are attached, it is difficult to determine what Plaintiffs have altered and the actual documents (see themselves, Exhibits A and B).   What, however, is missing, is any actionable allegations against Defendant Reko Holdings, LLC, whose only reason it is named as a defendant is that "REKO, at one point, owned or controlled approximately 70,000,000 shares of GBT's common stock, representing then a significant percentage of GBT (Gopher's) total issued and outstanding shares" (Complaint, ¶18).   In Chart 5 (pages 34-36), which purports to be a timeline of stock trading history tied to corporate events, the only claims against Reko are that it converted one class of shares to another class on or about January 23, 2018 (Complaint, ¶83) and that it was the beneficial owner of 70,969,000 shares as of April 11, 2018 (Complaint, ¶82).

The only other allegations of Defendant Reko's alleged wrongdoing is that "according to the 14C Statement: 'REKO Holdings, LLC hold the shares of common stock through Continental CYC Limitada. Robert Yaspan, former Chairman of the Board of Directors, is the attorney in fact for REKO Holdings LLC holding voting and dispositive control over the securities held by REKO Holdings and its subsidiary[.]'".  In other words, Defendant Reko's wrongdoing is creating a subsidiary in Costa Rica to hold the stock – all of which is disclosed in the 14C statement according to Plaintiffs.  (Complaint, ¶131(2) and fn 67).

Rather, without any specific facts, Plaintiffs simply drag Defendant Reko into

7

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

all of the causes of action in this Complaint without pleading any wrongdoing of

Defendant.  Making an omnibus definition of "Individual Insider Defendants" does

not save the claims.

Moreover, Plaintiffs did not verify the Complaint; nor did they properly plead

futility.  Plaintiffs merely allege:

> "[B]ased upon defendants' acts and omissions in direct violation of their
> fiduciary duties of care, good-faith, honesty and loyalty, a pre-suit demand on
> GBT (Gopher's) Board of Directors to bring the claims asserted in this action is
> excused as a futile and useless act. A sizeable majority of GBT's officers,
> directors, executive consultants, affiliates and insiders have personally profited
> and benefitted financially from the wrongdoing alleged in this Complaint and it
> was these same individuals who oversaw GBT's operations and benefitted from
> the wrongful acts and conduct complained of herein."  (Complaint, ¶136).

> Such demand is excused because: (i) making a demand would be a futile and
> useless act as the majority of GBT(Gopher's) officers, directors, executive
> consultants, affiliates and insiders are incapable of conducting an independent
> and objective investigation of the alleged wrongdoing; and (ii) the wrongful
> conduct of the defendants is not subject to protection under the business
> judgment rule." (Complaint, ¶137).

As discussed below, these conclusory allegations do not meet the requirements of

pleading futility, especially since they do not even allege the identity or makeup of the

directors and how many directors were then on the Board.

The Complaint should be dismissed for failure to comply with FRCP Rule 23.1,

and failure to state any actionable claim against Reko.

8

# III.   ARGUMENT

### A.   Legal Standards on Motion to Dismiss

In order to avoid dismissal under FRCP 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In making the plausibility analysis, a district court should first identify and eliminate the conclusory "allegations that are not entitled to the assumption of truth." *Id.* at 1950-51. Second, the district court should evaluate the remaining non-conclusory allegations to determine if they are plausible. *Id.* at 1951.

Since  Plaintiffs' claims in this action sound in fraud, they must also satisfy the heightened pleading requirements of FRCP Rule 9(b), which requires a plaintiff to identify not only the "who, what, when, where, and how" of the alleged misstatements, but also "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3D 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted, applying Rule 9(b) to state-law claims sounding in fraud).   A fraud suit against differently situated defendants must identify the role of each defendant in the alleged fraudulent scheme.  *U.S. ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018).

9

B.    <u>Plaintiffs have not Verified the Complaint as Required under Rule 23.1</u>

Rule 23.1(b) mandates that, among other things, a derivative complaint be "verified." The verification requirement is not a mere formality, but rather "assure[s] the court" that the allegations have been "responsibly investigated ... at the behest of the named plaintiff, who then stands behind the merits of the Complaint." *In re MIPS Techs. Inc. Sec. Litig.*, 542 F. Supp. 2d 968, 973-74 (N.D. Cal. 2008), quoting *Rogosin v. Steadman*, 65 F.R.D. 365, 367 (S.D.N.Y. 1974). In this regard, verifications (like certifications required in class actions by the Private Securities Litigation Reform Act) help ensure that litigation is directed by shareholders rather than lawyers and "confirm that the plaintiff investors still wish to pursue this case." *MIPS*, 542 F. Supp. 2d at 974.

The Complaint is not verified and therefore does not meet the requirements of FRCP Rule 23.1.

C.    <u>Plaintiffs Did not Properly Plead Futility</u>

It is well settled, however, that in order for Plaintiffs to pursue any of their asserted claims, Plaintiffs must first satisfy the substantive threshold requirement of FRCP Rule 23.1 that Plaintiffs must establish either that they have made a demand on GBT's Board of directors to act on plaintiffs' underlying allegations of wrongdoing, or that making such a demand on the Board would be futile. Here, plaintiffs have attempted to establish that demand would have been futile, but have failed to plead

10

particularized facts demonstrating that demand is excused, as required by Rule 23.1 and Nevada law.

Plaintiffs admit that they did not make a demand on the GBT Board of Directors (Complaint, ¶¶136-137).  However, if Plaintiffs fail to do so, they must plead with particularity the reasons why such demand would have been futile. *Arduini v. Hart*, 774 F.ED 622, 628 (9th Cir. 2014); *see also* FRCP 23.1(b)(3). Plaintiffs simply have not done so here.

Plaintiffs do not list any of the current board of directors, but instead list in its Exhibit B, multiple potential members of the board of directors – several which are not named as defendants in the Complaint (Complaint, Exh. B, Annual Report synopses 2017, 2018 and 2019).  As set forth above, Plaintiffs allege at paragraphs 136 and 137 the purported excuse for not making a demand on the Board of Directors using conclusory language without any attempt to provide any detail.  This is inadequate to plead futility.

Although FRCP Rule 23.1 supplies the pleading standard for demand futility, the substance of the requirement is governed by the law of the state of incorporation, including for claims based on federal law. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 101 (1991); *Arduini*, 774 F.3d at 628.  GBT is incorporated in Nevada, (Complaint, page 2, line 2), so Nevada law applies.

11

As discussed in *Arduini*, 774 F.3d at 628:

"In order to show demand futility under Nevada law, the plaintiff must allege "particularized facts" demonstrating:

(1) in those cases in which the directors approved the challenged transactions, a reasonable doubt that the directors were disinterested or that the business judgment rule otherwise protects the challenged decisions; or (2) in those cases in which the challenged transactions did not involve board action or the board of directors has changed since the transactions, a reasonable doubt that the board can impartially consider a demand."

In the instant case, there are no allegations that the directors approved the challenged transactions so that the business judgment rule would apply nor does it even set forth the list of directors to whether the directors were disinterested or not.  Moreover, there are not any allegations pled with particularity as to why the Board could not impartially consider a demand.  There are only conclusory statements.  Thus, under Nevada law, the allegations fail.

Conclusory "allegations of facts or law not supported by allegations of specific fact may not be taken as true."  *In re Computer Scis. Derivative Litig.*, No. CV 06-05288 MRP (EX) 2007 WL 9734602, at *3 (C.D. Cal. Aug. 9, 2007), citing *Levine v. Smith*, 591 A.2d 194, 207 (Del. 1991).  When lack of independence is charged, the plaintiff must allege particularized facts showing that the board is either dominated by an officer or director who is the proponent of the challenged transaction, perhaps by a close personal or familial relationship or by force of will, or that the board is so under the director or officer's influence that its discretion is "sterilized. *In re Computer Scis.*

*Derivative Litig.*, 2007 WL 9734602, at *4, citing *Rales v. Balsband*, 634 A.2d 927, 936; *Telxon Corp. v. Meyerson*, 802 A.2d 257, 264 (Del. 2002).

Plaintiffs' two paragraphs of generalized statements regarding the purported benefit that the directors received is simply conclusory and lack specific facts showing that to be true.  Moreover, Plaintiffs do not plead any acts of the Board that would make the business judgment rule inapplicable.  In other words, these conclusory statements fail, and futility has not been properly pled and the motion to dismiss should be granted pursuant to FRCP 23.1.

        D.     <u>Plaintiffs' Claims do to State any Claims for Relief Against Defendant Reko</u>

Defendant Reko is not an officer or director of GBT.  Reko is only a shareholder of GBT, and none of the allegations against it set forth any duty owed by Reko to other shareholders.  As such, all of the claims fail.

        1.     **Plaintiffs do not Properly Allege a Breach of Fiduciary Duty against Reko**

        (a)   **Defendant Reko does not owe Plaintiffs any Duty.**

A breach of fiduciary duty claim requires Plaintiffs to show the existence of a fiduciary duty, the breach of that duty, and that the breach proximately caused the damages.  *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp.2d 1234, 1245 (D. Nev., 2008).

Defendant Reko is a Nevada corporation where its only claims against it appear

13

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

to be that it converted preferred stock in 2018 to common stock and within the year, it transferred stock to a subsidiary Costa Rican corporation.  (Complaint, ¶131(2) and fn 67).  It is baffling to determine how converting and transferring stock is a breach of any duty owed to other shareholders as there simply is no duty owed.

### (b)   Plaintiffs' Claim for Breach of Fiduciary Duty Sounds in Fraud, but lacks specificity

As explained above, a claim that sounds in fraud must still meet the requirements of FRCP Rule 9(b) and be pled with specificity.  *Vess,* 317 F.3d 1103-04. "[W]hen a breach of fiduciary duty claim is, in substance, a claim of fraud, the requirements of Rule 9(b) are triggered." *Adelphia Recovery Trust v. Bank of America, N.A.*, 624 F. Supp. 2d 292, 319 (S.D.N.Y. 2009).  Here, there is no doubt that Plaintiffs' claim for breach of fiduciary duty is alleged to sound in fraud.  The claim incorporates by reference all of Plaintiffs' allegations that there was a "pump and dump" scheme and market manipulation.  (Complaint, ¶32); it alleges that all defendants engaged in a deliberate course of conduct (*Id.*); and alleges that the defendants engaged in "fraudulent acts" (without providing any details as to the "who, when, what and where) (*Id.*)

The Complaint against Defendant Reko fails to allege any specific claims against it.  Most tellingly, however, it lacks specificity as to why the Plaintiffs' core allegations – the conversion to common stock and the transfer to a Costa Rican

14

_____

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

subsidiary somehow constitutes a fraudulent act.  FRCP Rule 9 requires an explanation of the "who, what, when, where, and how" of the fraud, as well as the reasons why the acts at issue were allegedly false.  *Vess*, 317 F.3d at 1106.  The Complaint tries to merge all of the parties under one definition and does not specify what any individual defendant knew or did in connection with any particular transaction.  Absent the necessary factual showing to satisfy FRCP Rule 9(b) as to Defendant Reko, who is not even an officer or director, Plaintiffs' claim for breach of fiduciary duty fails.

The claim should be dismissed pursuant to FRCP Rules 12(b)(6) and 9(b).

2. **Plaintiffs do not Properly Allege Aiding and Abetting a Breach of Fiduciary Duty against Reko**

Plaintiffs' claim of aiding and abetting a breach of fiduciary duty falls short of the necessary facts to satisfy the claim.  As set forth below, aiding and abetting liability requires a showing of knowing participation in a tort with the intent to assist and provide substantial assistance.  All of which is absent from the instant case.

Federal courts follow the California common law rule for subjecting a defendant to liability for aiding and abetting a tort. (*Ortiz v. Georgia Pacific*, 973 F. Supp. 2d 1162, 1184 (E.D. Cal. 2013). Under California law, there are four crucial elements plaintiffs must sufficiently plead to show Reko's alleged aiding and abetting in the wrongful acts; conclusory allegations will not suffice. Plaintiffs must

15

allege *facts* that show: (1) Reko's *Actual Knowledge* of Primary Tortfeasor's Wrongful Act; (2) Reko Provided *Substantial Assistance* to Primary Tortfeasor in Commission of Wrongful Act; (3) Reko's *Conscious Decision to Participate* in Primary Tortfeasor's Wrongful Act; and (4)  Reko's *Intent to Assist* Primary Tortfeasor in Wrongful Act.

Here, Plaintiffs have not and cannot plead factual allegations against Reko to meet any of these necessary elements.

### a.   *Actual Knowledge and Substantial Assistance*

Liability may be imposed on one who aids and abets the commission of a tort only if the person: (1) knows the other's conduct constitutes a breach of duty and the person gives substantial assistance or encouragement to the other to so act, or (2) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person. (*Casey v. U.S. Bank National Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005).) Plaintiffs' theories are based on the first prong of this test.

The level of knowledge Plaintiffs are required to show is that Reko had *actual knowledge* of the underlying tort committed by the primary tortfeasor--a high level of scienter. (*Resolution Trust Corp. v. Rowe*, 1993 U.S. Dist. LEXIS 1497, No. C 90-20114 BAG, 1993 WL 183512, *5 (N.D. Cal. Feb. 8, 1993) ["Under California law, actual knowledge and intent are required to impose aiding and abetting liability"].)

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

To survive a motion to dismiss, therefore, plaintiffs must allege facts giving showing Reko's *actual knowledge* of the underlying harm. (*Kirschner v. Bennett*, 648 F. Supp. 2d 525, 544-45 (S.D.N.Y. 2009) [granting motion to dismiss aiding and abetting claim against law firm for failure to plead sufficiently that defendants had actual knowledge of, or substantially assisted in, the conduct giving rise to the underlying action]; *In re Sharp Intern. Corp.*, 281 B.R. 506, 513 (Bankr.E.D.N.Y.2002) [The complaint must identify precisely the "primary wrong" sued on and must allege that the aider and abettor had "actual knowledge" of the wrongful conduct].)

For example, in *Casey*, a bankruptcy trustee sued several banks for aiding and abetting a fraudulent scheme to loot the debtor corporation. (*Casey, supra*, 127 Cal.App.4th at p. 1141.) In reversing, the court found that the trustee's allegations fell "far short" of the requirements for pleading a cause of action for aiding and abetting breach of fiduciary duty.  (*Id.* at p. 1148.) Although the complaint provided "ample details of the banks' improper conduct in their business dealings with [the perpetrator of the fraud], the complaint fail[ed] to establish that the banks had actual knowledge of the primary violation in which they purportedly participated." (*Ibid.*, italics omitted.) It was insufficient for the trustee to allege that "the banks knew something fishy was going on...." (*Id.* at p. 1149, italics omitted.)

The test for actual knowledge cannot be confused with the concept of "constructive knowledge," i.e., what one "should have known," as opposed to what

one actually knew. "California law requires that a defendant have actual knowledge of tortious activity before it can be held liable as an aider and abettor, and federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge." (*Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1118-19 (C.D. Cal.2003).)

The *Neilson* Court held that an "atypical" business practice can raise an inference of knowledge on the part of the defendant that it was engaged in wrongful conduct and sought to accommodate it by altering its practices. (*Neilson v. Union Bank of California, supra*, 290 F.Supp.2d 1120-1121.) That is not the situation here where Reko simply took stock it owned and then transferred it to a subsidiary. (Complaint, ¶131(2) and fn 67.) There is nothing atypical about a party transferring its own stock that it owned for years. Plaintiffs did not, and cannot, state any allegations that these transactions aided and abetted anyone and does not state how the conversion and transfers were part of any alleged market manipulation.

> **b.** ***Conscious Decision and Intent to Participate in Wrongful Acts***

Aiding and abetting "necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act." (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, 131 Cal.App.4th 802, 823 n.10 (2005); *Siegal v. Gamble*, 2015 WL 4734741, at *7 (N.D. Cal. Aug. 10, 2015).)

___

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

In addition, Plaintiffs are required to show that Reko had the *intent* to participate in and assist the wrongful acts. (*Lomita Land & Water Co. v. Robinson* 154 Cal. 36, 47 (1908) ["The words 'aid and abet' as thus used have a well understood meaning, and may fairly be construed to imply an intentional participation with knowledge of the object to be attained."]; *Gerard v. Ross*, 204 Cal.App.3d 968, 983 (1988) ["In the civil arena, an aider and abettor is called a co-tortfeasor. To be held liable as a co-tortfeasor, a defendant must have knowledge and intent. ... A defendant can be held liable as a co-tortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort."]; *Resolution Trust Corp. v. Rowe*, No. C 90-20114 BAC, 1993 WL 183512, * 5 (N.D.Cal. Feb.8, 1993) [actual knowledge and intent are required to impose aiding and abetting liability].)

There simply are not any allegations against Reko that show any intent to aid and abet and the motion to dismiss this claim should be granted pursuant to 12(b)(6) and 9(b).

3. **Plaintiffs do not Properly Allege Fraud – Concealment and Suppression of Material Fact against Reko**

Plaintiffs attempt to plead a cause of action for concealment based upon the alleged "Individual Insider Defendants" by failing to disclose certain material facts which they allegedly had a duty to disclose. (Complaint, ¶118).  However, **Reko is**

19

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**simply a shareholder, and it does not have any right or duty to disclose any facts** and Plaintiffs do not make such allegations.

In addition, Plaintiffs allege in their "concealment" claim that the "officers, directors, executive consultants, affiliates and insiders, violated Rule § 144 without any facts to support such claim (and even describe how Defendant Reko falls into any of these categories) (Complaint, ¶121). Defendants then make a conclusory statement that "the Individual Insider Defendants" have personally benefitted from their collective and intentional non-disclosure of the Material Nonpublic Information". (Complaint, ¶121). Once again, the Complaint is devoid of any allegations that a shareholder of GBT has a duty or ability to disclose any alleged Material Nonpublic Information, and what wrongdoings Reko allegedly committed.

As discussed above, if fraud is being alleged against Reko, FRCP Rule 9(b) requires pleading with specificity the alleged facts that comprise of the fraudulent conduct, which are absent herein.

The Third Claim for Relief based upon Fraud – Concealment and Suppression of Material Fact should be dismissed for failure to state a claim pursuant to FRCP Rules 12(b)(6) and 9(b).

4.    **Plaintiffs do not Properly Allege Negligence Against Reko**

In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff  must establish four elements: (1) the existence of a duty *1182 of care, (2)

20

breach of that duty, (3) legal causation, and (4) damages." *Goggin v. Enter. Leasing Co. -W., LLC*, 324 F. Supp. 3d 1179, 1181-82 (D. Nev. 2018) *citing*, *Sanchez v. Wal–Mart Stores*, Inc., 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009).

Once again, Plaintiffs just lump Reko with the other defendants in the case. At paragraph 127, Plaintiffs allege that the purported negligence as the alleged "Individual Insider Defendants" … "by their collective want of ordinary care or skill in the management and operation of nominal defendant GBT (Gopher's) business operations, particularly in regard to the issuance, sale and transfer of GBT's unregistered securities."

Simply stated Defendant Reko is a shareholder and has no management or operation of nominal defendant GBT, and no such claim is made. As such, the negligence claim fails since Reko does not owe Plaintiffs any duties as set forth in the Complaint and the claim is properly dismissed pursuant to 12(b)(6).

5. **Injunctive Relief is a Remedy, not a Separate Cause of Action**

Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Rivard-Crook v. Accelerated Payment Technologies, Inc.*, 2012 WL 6138229, at *2 (D. Nev. 2012) (citing *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) (dismissing the cause of action for injunctive relief, noting plaintiff can seek an injunction as a remedy in its prayer for relief); *see also Brannan v. Bank of America*, 2016 WL 6782742, at *3 (D.

21

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Nev. 2016).  It is axiomatic then that no injunctive relief may be granted without any

viable cause of action being alleged for which injunctive relief is an appropriate

remedy. As such, Plaintiff's stated cause of action for an injunction is properly

dismissed pursuant to FRCP 12(b)(6).

## IV.   <u>CONCLUSION</u>

Based upon the above, Plaintiffs' Complaint should be dismissed in its entirety

for failure to meet the requirements of FRCP Rule 23.1 and for failure to state viable

claims against Defendant Reko pursuant to FRCP Rules 12(b)(6) and 9(b).

DATED:  October 21, 2020                   Respectfully submitted,

                                            LAW OFFICES OF ROBERT M. YASPAN


                                            By   /s/ Joseph G. McCarty
                                               Joseph G. McCarty
                                               Debra R. Brand
                                               Attorneys for Reko Holdings, LLC

22