JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09399-RGK-AGR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Robert Warren Jackson et al v. Moshe Jacob et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Moshe Jacob's Motion to Dismiss FAC [DE 74]

## I.  INTRODUCTION

Robert Warren Jackson and Gregory Bauer (collectively, "Plaintiffs") filed a derivative suit on behalf of GBT Technologies, Inc. On November 2, 2020, Plaintiffs filed their First Amended Complaint ("FAC") against Moshe Jacob, Michael Murray, Danny Rittman, Mansour Khatib, Darren Dunkel, Rosemarie Clamor, Randolph Ben Clymer, Yossi Attia, Anat Attia, Guardian Patch LLC, Ben Clymer's The Body Shop Perris, Reko Holdings, LLC, Glen Eagle Acquisitions, Stanley Hills, LLC, JIL Venture, LLC, Empire Stock Transfer, Inc., and Patrick Mokros. The lawsuit alleges claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud—concealment and suppression, and negligence.

Now before the Court is Defendant Jacob's Motion to Dismiss the FAC. For the following reasons, the Court **GRANTS** Jacob's Motion to Dismiss.

## II.  FACTUAL BACKGROUND

Plaintiffs allege many things in their 88-page FAC. The pertinent allegations are:

GBT touted itself as an "emerging growth company" that traded as a penny stock. As a traded company, it was required to comply with all securities laws, and it owed its stockholders fiduciary duties of loyalty, good faith, and fair dealing.

Yet various named Defendants, guided primarily by Moshe Jacob, helped GBT skirt its responsibilities by engaging in fraudulent conduct. Some of this illicit conduct included, but not limited to, artificially inflating GBT's financial viability ("pumping") through fraudulent "assembly line-like" transactions and then having its own insiders sell their shares ("dumping") for their own personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09399-RGK-AGR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Robert Warren Jackson et al v. Moshe Jacob et al* | | |

financial gain. Defendants would also manufacture false or misleading public reports to create the impression that GBT's stock was in high demand.

### III.     JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.     DISCUSSION

Jacob offers several reasons for why the FAC should be dismissed. The Court, however, need only reach his first argument: that Plaintiffs have failed to make a demand on the company prior to bringing this derivative suit. Since Plaintiffs have not adequately alleged that the demand would have been futile, the Court dismisses the FAC.

#### A.     Demand Requirement

"A shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors or plead with particularity the reasons why such demand would have been futile." *Rosenbloom v. Pyott*, 765 F.3d 1137, 1148 (9th Cir. 2014) (citing Fed. R. Civ. P. 23.1). Plaintiffs admit that they have not made a demand on GBT or its board of directors. (FAC ¶ 137). Thus, Plaintiffs must plead with particularity the futility of making a demand.

"The substantive law which determines whether demand, is in fact, futile is provided by the state of incorporation of the entity on whose behalf the plaintiff is seeking relief." *Rosenbloom*, 765 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09399-RGK-AGR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Robert Warren Jackson et al v. Moshe Jacob et al* | | |

1148. Since GBT was incorporated in Nevada, Nevada law governs whether Plaintiffs have adequately pled futility.

Nevada looks to Delaware law on this issue. *See Shoen v. SAC Holding Corp.*, 122 Nev. 621, 636 (2006), *abrogated on other grounds by Chur v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 136 Nev. 68 (2020). When directors have approved the challenged transactions, courts use the *Aronson* test: whether there is "reasonable doubt that the directors were disinterested or that the business judgment rule otherwise protects the challenged decisions." *Shoen*, 122 Nev. at 641. But if the challenged transactions did not involve board action, courts should use the *Rales* test: whether there is "reasonable doubt that the board can impartially consider a demand." *Id.* Since Plaintiffs allege that GBT's directors were "incapable of conducting an independent and objective investigation of the alleged wrongdoing," the *Rales* test applies. (FAC ¶ 137).

Under *Rales*, there must be reasonable doubt about whether a majority of the board was capable of impartially considering a demand. *Shoen*, 122 Nev. at 642. The parties seem to acknowledge that GBT has three members on its board of directors when the FAC was filed: Danny Ritman, Mansour Khatib, and Michael Murray. (*See* Mot. Dismiss at 12, ECF No. 74; Opp'n at 13–15, ECF No. 75). Thus, Plaintiffs must plead that least two of these directors could not impartially consider a demand.

    1.    <u>Danny Ritman</u>

Plaintiffs argue that Ritman could not impartiality consider a demand because: 1) he is GBT's current Chief Technology Officer and previously served as CEO; 2) his employment contract grants him a $250,000 base salary with a $70,000 year-end bonus; and 3) he owned 4.77% of GBT's stock. (Opp'n at 14–15).

None of these reasons, alone or together, suggest that Ritman could not impartially consider a demand. To begin, Plaintiffs have not alleged why Ritman's current or former positions within GBT would affect his judgment. In fact, it's common for board members to have both previously held and currently hold executive positions within their company.[1]

---

[1] For example, Satya Nadella currently sits on Microsoft's board of directors and is also its CEO. *Satya Nadella*, Microsoft, https://news.microsoft.com/exec/satya-nadella-2 (last visited Jan. 26, 2021). Before becoming CEO, she was the Executive Vice-President of Microsoft Cloud and Enterprise Group and Vice-President of Microsoft's Business division. *Id.* Dough McMillon is the President and CEO of Walmart and is also currently on its board. *Doug McMillon*, Walmart, https://corporate.walmart.com/our-story/leadership/executive-management/doug-mcmillon (last visited

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09399-RGK-AGR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Robert Warren Jackson et al v. Moshe Jacob et al* | | |

The allegations also do not explain why Ritman's salary has any effect on his ability to consider a demand. Generally, "a director's receipt of compensation alone does not excuse demand . . . ." *Israni v. Bittman*, 473 Fed. Appx. 548, 551 (9th Cir. 2012). Nor are there allegations that his salary was "unusual or customary." *Id.* In *Israni*, the directors' salaries ranged from $348,498 to $419,498. Still, the Ninth Circuit declined to find that those amounts supported any adverse inference about the directors' partiality. Ritman's total compensation does not even reach the level of the directors in *Israni*. There is thus no reason to question Ritman's judgment based on his compensation.

Finally, Ritman's stock ownership does not create a reasonable doubt of independence since "even proof of majority ownership of a company does not strip the directors of the presumptions of independence . . . ." *Aronson v. Lewis*, 473 A.2d 805, 815 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Without more, Ritman's stock ownership does not raise any issues about his ability to consider a demand.

Taking Plaintiffs' allegations together, no reasonable doubt can be found about Ritman's ability to impartially consider a demand.

2. *Mansour Khatib*

Plaintiffs' arguments for Khatib's inability to review a demand are even less compelling than Ritman's.

Plaintiffs allege that Khatib held various positions at GBT such as Director, Chief Market Officer, and CEO, and that he will receive a base salary of $100,000. Again, there is no explanation how or why Khatib's prior positions would affect judgment. He also makes an even smaller salary than Ritman, which, it would seem under Plaintiffs' theory, to favor his independence. Nor do Plaintiffs allege that Khatib owns stock in GBT. None of these allegations raise a reasonable doubt about Khatib's independence that would excuse a demand.

---

Jan. 26, 2021). He previously served as CEO and President of Walmart International and held leadership positions "in all of Walmart's business segments." *Id.*

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09399-RGK-AGR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Robert Warren Jackson et al v. Moshe Jacob et al* | | |

        3.    <u>Michael Murray</u>

Plaintiffs needed at least two of the three directors to show a lack of impartiality to make a demand futile. Since Plaintiffs have failed to raise reasonable doubt as to a majority of the board already, the Court does not address the allegations about Murray's partiality.

And because Plaintiffs have failed to sufficiently allege demand futility, the Court dismisses the FAC.

**V.**    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Jacob's Motion to Dismiss. And in light of the Court's reasoning, the Court also dismisses all Defendants.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer